**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

      **Plaintiff,**      **MEMORANDUM**
                **AND ORDER**

                **20-CR-349 (EK)**
     -against-      **20-MJ-349 (LB)**

**GARLAND BATTLE,**

      **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

   Currently before the Court is defendant's motion to dismiss the complaint for failure to hold a preliminary hearing. See Motion to Dismiss (Sept. 9, 2020) ("Def. Mot."), Electronic Case Filing Docket Entry ("DE") #6. For the reasons that follow, the Court denies the motion.

## PROCEDURAL HISTORY

   On August 19, 2020, the United States of America ("the government") obtained a sealed Criminal Complaint in the United States District Court for the Eastern District of New York, charging the defendant Garland Battle ("defendant" or "Battle"), with one count as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). See Complaint (Aug. 19, 2020) ("Compl."), DE #1.[1] On August 25, 2020, this Court held an initial appearance on the Complaint, and entered an order of detention. See Minute Entry (Aug. 25, 2020) ("8/25/20 Minute Entry"); Order of Detention (Aug. 25, 2020), DE #4. At the conclusion of the proceeding, this Court asked the parties if there were any other matters

---

[1] By order dated August 25, 2020, the Complaint and arrest warrants were unsealed. See Order (Aug. 25, 2020), DE #3. (Docket entry citations refer to the docket in 20-CR-349.)

that needed to be addressed, to which the parties replied in the negative. See Transcript of Arraignment held on August 25, 2020 ("Tr.") at 18 (attached as Ex. A to Def. Mot.). Although the minute entry docketed into the court file indicates that defendant waived a preliminary hearing, see 8/25/20 Minute Entry, a review of the transcript of the proceeding demonstrates that the question of a preliminary hearing was not raised at all.

On September 9, 2020, after fifteen days elapsed following defendant's arrest, defendant filed a letter-motion seeking dismissal of the Complaint and his immediate release from custody. See Def. Mot. at 1. The following day, a grand jury sitting in the Eastern District of New York returned an indictment charging defendant Garland Battle with one count as a felon in possession of a firearm. See Indictment (Sept. 10, 2020) ("Indictment"), DE #9. The government argues that the return of an indictment renders moot defendant's motion to dismiss. See Response in Opposition (Sept. 11, 2020), DE #10. This Court agrees.

## DISCUSSION

According to Rule 5.1(c) of the Federal Rules of Criminal Procedure, a preliminary hearing must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody." Fed. R. Crim. P. 5.1(c). However, a preliminary hearing is not required if the defendant is indicted, see Fed. R. Crim. P. 5.1(a)(2), or if the defendant waives the preliminary hearing, see Fed. R. Crim P. 5.1(a)(1). If a defendant is not provided a preliminary hearing within 14 days, the defendant "shall be discharged from custody or from the requirement of bail or any other condition of release . . . ." 18 U.S.C. § 3060(d). Even where the defendant has not been afforded a timely preliminary hearing, the government is not precluded from bringing the same charges

2

against the defendant.  See id.

Assuming *arguendo* that defendant's failure to request a preliminary hearing did not operate as a waiver, defendant's motion to dismiss the complaint, and for release from custody, was rendered moot by the return of the indictment.  See United States v. Williams, 526 F.App'x 29, 35–36 (2d Cir. 2013).  As the Second Circuit has found in analogous circumstances, "[a]s a result of being indicted, any claim that [the defendant] might have had for release pending further criminal proceedings was rendered moot."  Id. at 36.  Stated differently, "[o]nce an indictment is filed in a case, the need for a preliminary hearing is obviated, the returning of an indictment, itself, constituting an independent finding of probable cause by the grand jury."  United States v. Permisohn, 339 F.Supp. 52, 56 (S.D.N.Y. 1971); accord United States v. Allen, No. 20-CR-242 (RRM)(RLM), 2020 WL 4504639, at *2 (E.D.N.Y. Aug. 5, 2020) (where the court had held a preliminary hearing but had not yet issued its ruling, question of probable cause was mooted by return of indictment).  With the filing of an indictment, "the Complaint no longer serves as the basis for requiring defendant 'to appear for further proceedings,'" Allen, 2020 WL 4504639, at *2 (quoting Fed. R. Crim. P. 5.1(e)), and any determination by the Court as to the sufficiency of the complaint would be purely academic, see Allen, 2020 WL 4504639, at *2.  Indeed, in seeking dismissal without prejudice, see Def. Mot. at 1, defendant implicitly acknowledges that the government was free to seek an indictment outside the 14-day window of Rule 5.1(c) - here, two days later.  See generally Fed. R. Crim. P. 5.1(f).

While this Court takes responsibility for neglecting to expressly address the scheduling or waiver of the preliminary hearing, the Court did invite the parties to raise any additional issue; defendant failed to request a preliminary hearing at his initial appearance,

3

see Tr. at 18, nor did he seek one within the 14-day window, but instead waited until the following day (September 9th) to file his motion to dismiss. Meanwhile, due the COVID-19 pandemic, and an outbreak of the virus among a group of court security officers at the Brooklyn courthouse, that courthouse was closed from September 4, 2020 until September 14, 2020. Pursuant to 18 U.S.C. § 3060(c), even absent the consent of the defendant, the court may extend the 14-day period for holding a preliminary hearing upon "a showing that extraordinary circumstances exist and justice requires the delay." 18 U.S.C. § 3060(c). Under the circumstances described above, the Court would have been justified in extending the time limit for two days, until September 10, 2020, when a grand jury sitting in Long Island returned an indictment against Battle. See Indictment.

## CONCLUSION

For the foregoing reasons, Battle's motion to dismiss the Complaint and for release from custody is denied as moot, in light of the indictment returned by the grand jury.

**SO ORDERED.**

**Dated:** Brooklyn, New York
September 15, 2020

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

4